IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BRIAN CONERLY, et al.,
INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED                                   PLAINTIFFS

v.                                               Civil Action No. 2:06cv205-KS-MTP

MARSHALL DURBIN FOOD CORPORATION                            DEFENDANT

**<u>ORDER</u>**

THIS MATTER is before the court on an Emergency Motion to Quash Robert Camp's May 15, 2009 Deposition [361] filed by Plaintiffs. Having considered the submissions of the parties and the entire record in this matter, the court finds that the motion should be granted, for the reasons set forth below.

Defendant has noticed the deposition of Robert Camp for May 14 and 15, 2009 in Birmingham, Alabama. *See* ecf. doc. no. 357. However, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). The parties have not stipulated, nor has this court ordered, that Mr. Camp be deposed for a longer period of time.[1] Moreover, Plaintiffs' counsel is unavailable to attend a deposition on May 15. Accordingly, the court finds that the motion to quash should be granted, and that Mr. Camp's deposition should be limited to seven hours on May 14, 2009.

However, Defendant does raise legitimate concerns in its Response [362] that there may be attempts to hinder or delay the taking of Mr. Camp's deposition, especially considering the difficulties encountered in scheduling the deposition, as outlined in [351] Defendant's Motion for

---

[1] Nor does the May 5, 2009 Order from the Honorable Lynwood Smith, Northern District of Alabama, granting Defendant's motion to compel Mr. Camp to comply with the deposition subpoena, authorize a two-day deposition. *See* ecf. doc. no. 356.

Leave to Continue Mr. Camp's Deposition. Thus, the parties are cautioned that the court may revisit this issue and extend the deposition, if necessary, if either the deponent, the attorneys or the parties unreasonably disrupts the deposition or causes any unnecessary delays.

IT IS, THEREFORE, ORDERED that Plaintiffs' Emergency Motion to Quash Robert Camp's May 15, 2009 Deposition [361] is granted. Mr. Camp's deposition shall be limited to 7 hours on May 14, 2009.

SO ORDERED this the 13th day of May, 2009.

s/ Michael T. Parker<br>
United States Magistrate Judge